RAFAEL GARCÍA SOLER, Petitioner, *v.* DISTRICT COURT
OF MAYAGÜEZ, Respondent.

No. 899.   Argued April 10, 1933.—Decided April 19, 1934.

*Guerra Mondragón & Soldevila* for petitioner.   *R. Soltero Peralta*
and *Virgilio Brunet* for claimant-intervener.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

A motion for reconsideration has been presented in this
case.   The motion does not attack the grounds of the opinion
on which was based the decision which is sought to be set
aside, but it maintains that the court failed to decide a
certain question raised by the petitioner which in itself con-
stitutes sufficient ground to grant the certiorari, to wit:
That the commission acted without having summoned the
petitioner as employer.

The facts of the case are stated in the opinion to which
we have referred (*García* v. *District Court*, 45 P.R.R. 381),
and we think that the case was' decided by the commission
with the intervention of the employer, and that the require-
ments of the law were substantially complied with.   The
employer appeared personally and testified before the com-
mission.   As the latter says in its decision of November 20,
1929, ''in the case of Hipólito González, 13790, (PP), the
employer appeared and after being duly sworn gave the tes-

timony that appears in the stenographic transcript of the record of this hearing, which has been incorporated in the record of this case, in which testimony he admitted the accident and bound himself to produce the credit vouchers showing that he had paid the corresponding premiums to the State Fund for the insurance of his workmen.''

There follows an entry of November 25, 1929, which says: ''In the case of Hipólito González, 13790, the commission is notified of the documents sent by the employer, Mr. Rafael García Soler, to show that he is insured with the State Fund, and the commission orders that the said documents be attached to the record of the case and that it be referred to the proper commissioner.''

And it was after the commission had examined everything that it rendered its final decision on December 9, 1929.

The circumstance that the form provided for summoning witnesses was used to summon the employer, constitutes an irregularity, but in view of what occurred later that irregularity is not important. The employer had the opportunity to be heard and was heard and presented his documents dealing with the only point to be determined, to wit: whether or not he was actually insured with the State Fund.

In addition, the employer appealed to the district court from the decision of December 9, 1929, and presented his case *de novo* before the said court. For the purpose of deciding it the court heard evidence, and had the benefit of briefs filed by both parties, and we already know its findings. *García* v. *District Court, supra.* It will be sufficient to recall two of them, thus:

''3. That the appellant employer, Rafael García Soler, did not obtain or keep in force any workmen's insurance policy at the time of the accident.

''4. That said employer obtained on May 24, 1929, that is, 37 days after the accident, a workmen's insurance policy from the State Insurance Fund.''

This is not the case, then, of a lack of opportunity to defend. The employer had an opportunity to be heard, and was

actually heard before the commission and before the district court. His contention was decided against him on its merits. Whether or not the merits were correctly passed upon is not a question which we are obliged to consider within this certiorari proceeding. For this reason we closed our former opinion by saying:

"The other questions raised go to the merits of the main controversy and we are not bound to consider and determine them within the present certiorari proceeding. We wish to say, however, that from the brief study we have made of them, we are inclined to believe that they were properly decided by the Industrial Commission and the District Court of Mayagüez."

The motion for reconsideration must be denied.